**Max R. KARGMAN, et al., Plaintiffs,**

v.

**Thomas A. SULLIVAN, et al., Defendants.**

Civ. A. No. 71–2712–C.

United States District Court, D. Massachusetts.

April 13, 1984.

David H. Gibbs, Peabody & Brown, Boston, Mass., for plaintiffs.

Mark D. Stern, Cambridge, Mass., Donald Solomon, Greater Boston Legal Services, Boston, Mass., for defendants.

MEMORANDUM

CAFFREY, Chief Judge.

The facts and procedural history of this case have been well-documented, and need not be repeated here. *See, e.g., Kargman v. Sullivan*, 589 F.2d 63, 64–66 (1st Cir. 1978). The case is before this Court on defendant-intervenors' renewed motion to determine amount of attorney's fees award. Preliminarily, the Court notes that the fees requested are expressly subject to the limitations set forth in paragraph 6.3 of an agreement of the parties dated January 27, 1983, which has been approved by this Court. Paragraph 6.3 of the agreement provides that all fees payable to counsel for work performed in this period is limited to one-third of the "common fund" or $24,000.00, whichever is less. On the basis of affidavits contained in the record, the Court rules that the $24,000.00 "cap" is the lesser of the two quantities and so applies to this award.

Defendant-intervenors have submitted to this Court time charges for each attorney who has worked on the case, a description of the work performed, and a brief summary of each attorney's background and experience. In summary, the submitted fee request is as follows:

Greater Boston Legal Services (GBLS)

| Donald M. Solomon | 169.2 | hours at $90 | = | $15,228.00 |
| | 17.6 | hours at $30 | = | 528.00 |
| Harry Pierce | 54.3 | hours at $90 | = | 3,735.00 |
| GBLS Attorney | 12.0 | hours at $90 | = | 1,080.00 |
| Subtotal | 253.1 | hours | | $21,723.00 |

Mark D. Stern, Esq.

| Stern and Zack | 8.8 | hours at $120 | = | 1,056.00 |
| | 1.0 | hour at $ 80 | = | 80.00 |
| Law Office of Mark D. Stern | 20.65 | hours at $120 | = | 2,478.00 |
| | 2.1 | hours at $ 80 | = | 168.00 |
| Goldstein, Pressman and Stern | 122.3 | hours at $120 | = | 14,676.00 |
| | 4.6 | hours at $ 80 | = | 368.00 |
| | 26.7 | hours at $ 60 | = | 1,602.00 |
| Law Office of Mark D. Stern II | 33.3 | hours at $120 | = | 3,996.00 |
| | .5 | hours at $ 80 | = | 40.00 |
| Subtotal | 219.95 | hours | | $24,464.00 |
| TOTAL | 473.05 | hours | | $46,187.00 |

■ The Court must be guided by the two-step approach to awarding attorney's fees set forth in the decision of the Court of Appeals for the First Circuit in *Furtado v. Bishop*, 635 F.2d 915 (1st Cir.1980). First, the Court must examine the time records submitted by counsel to determine the number of hours reasonably expended and to determine the reasonable hourly rate to be applied. This results in the "lodestar" fee. Second, the "lodestar" fee may be adjusted upward or downward to reflect special considerations, such as "the contingent nature of any fee (if such is not reflected in the hourly rate), delay in payment, quality of representation (i.e., an unusually good or poor performance above or below the skill already reflected in the hourly rates), [and] exceptional (and unexpected) results obtained." *Furtado v. Bishop*, 635 F.2d at 920.

Defendant-intervenors have provided the Court with detailed time records showing that GBLS attorneys spent 253.1 hours, and Attorney Stern spent 219.95 hours, on this case during the relevant period. The record shows that the present litigation has been lengthy and complex, with virtually every issue having been aggressively contested. The time records provided by defendant-intervenors show that the attorneys spent the time charged performing services directly relating to the merits of the case, to obtaining legal fees, and to protecting the rights (related to the merits of this case) of the individuals they represent. In view of the record, the Court rules that the 473.05 total hours expended by defendant-intervenors' counsel were reasonable.

■ Next, the Court must consider the hourly rate to be applied to these 473.05 hours. The GBLS attorneys request $90 an hour. The record shows that both GBLS attorneys have eight or more years of experience and specialize in housing law. The record further shows that the requested rate falls within the range of fees which private Boston firms charge for similar litigation services and is consistent with recent awards from federal and state courts to legal services attorneys. For these reasons, the Court rules that the $90 per hour rate requested is reasonable. GBLS also requests $30 an hour for the services performed by GBLS paralegals. The Court rules that this fee, too, is reasonable.

Attorney Stern requests fees ranging from $60 to $120 an hour. He requests $120 an hour for services directly relating to the merits of the case and to preserving or obtaining the right to an award of legal fees. More than three-quarters of the hours billed by Attorney Stern are billed at this rate. Attorney Stern requests $80 an hour for less-demanding work which he states could have been performed, with his assistance, by an associate with less litigation experience. Finally, Attorney Stern requests $60 an hour for those services rendered in relation to legal actions which are directly related to this particular action and which were necessary to preserve the rights of the class of persons he repre-

sents. He also requests $60 an hour for services performed by his associate, who has several years of experience.

After a review of the record, I rule that the hourly rates requested by Attorney Stern are reasonable. Attorney Stern has had more than ten years of litigation experience, particularly with regard to federally subsidized housing. Additionally, he has held government, teaching and bar association positions relevant to this area of the law. Attorney Stern asserts that his normal fees for litigation work range from $80 to $120. Information in the record supports Attorney Stern's contention that such fees are no higher, and often lower, than fees charged by other attorneys in this area with similar or less expertise and experience. Attorney Stern has been careful to differentiate between work that required his expertise and work that did not. He also distinguishes between work crucial to the merits of this litigation and the more peripheral services he performed. The hourly rates he assigned to each service reflects these factors. Accordingly, I rule that Attorney Stern's hourly rates are reasonable.

By the above rulings, the Court has determined that the "lodestar" figure for GBLS is $21,723.00; for Attorney Stern, it is $24,464.00. Next, the Court must determine whether to adjust these "lodestar" figures to reflect special circumstances not accounted for in the hourly rates. Attorney Stern requests that his "lodestar" fee be increased by 20%. He argues that such an increase is warranted by the contingent nature of the case, the vigorous advocacy required, the economical fashion in which the case was handled, and the fact that the length and difficulty of the case precluded certain other employment. GBLS requests that its "lodestar" fee be increased by 15%. GBLS cites the same factors as does Attorney Stern, but acknowledges that some of the considerations apply to GBLS to a lesser extent because GBLS's funding is derived largely from public sources.

■ The Court would not be inclined to increase the "lodestar" fees in this case if the extra dollars were to be taken from the pockets of the parties. However, the "lodestar" fees alone far exceed the $24,000.00 "cap" placed on counsel fees by the parties in their January 1983 agreement. Consequently, any adjustment of the "lodestar" amount will only affect the percentage of the $24,000.00 each counsel will receive. The Court therefore rules that the "lodestar" figures of GBLS and Attorney Stern should be increased by 15% and 20%, respectively. As a result, the adjusted "lodestar" fee for GBLS is $24,981.45; Attorney Stern's adjusted "lodestar" fee is $29,356.80.

The record shows that a second adjustment of Attorney Stern's legal fee amount must be made. On January 27, 1984, this Court granted defendant-intervenors' motion for a supplemental award in the amount of $8,860.00.* Defendant-intervenors admit that $8,039.00 of Attorney Stern's present fee request duplicates part of this Court's previous award of attorney's fees. The Court, therefore, must deduct $8,039.00 from his present fee request. Defendant-intervenors also admit that an additional $57.60 should be deducted from Attorney Stern's fee request because they inadvertently billed twice for the same item. When these amounts are deducted from Attorney Stern's present fee figure, the result is $21,260.20. The Court rules that this is the correct amount of attorney's fees presently owed to Attorney Stern.

The Court has determined that the amount of attorney's fees owed to GBLS is $24,981.45; the amount owed to Attorney Stern is $21,260.20. The total amount of counsel fees owed, therefore, is $46,241.65. However, the parties have voluntarily placed a $24,000.00 "cap" on attorney's fees. The Court rules that the same ratio between the amounts awarded to GBLS and Attorney Stern should be maintained.

---

* Court records show that a check in the amount of $8,860.00 has been issued to Mark D. Stern, Esq. This $8,860.00 fee is not subject to the $24,000.00 "cap" provided for in the January 1983 agreement of the parties.

Accordingly, 54% of the total award, or $12,960.00 should be allocated to GBLS; 46%, or $11,040.00, should be allocated to Attorney Stern.

Order accordingly.